# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE DEFENDANTS 1-10,<br><br>    Defendant. | Civil Action No.: 1:26-cv-01331<br><br>Judge:<br><br>**Jury Trial Demanded** |

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an Order permitting Plaintiff to proceed under a pseudonym and sealing Plaintiff's true identity from the public record. In support of this Motion, Plaintiff states as follows:

### INTRODUCTION

This case involves a coordinated scheme by Defendants to surveil Plaintiff—who is a member of this community and a member in good standing of the bar—in order to surreptitiously learn Plaintiff's phone passcode, physically accost Plaintiff to steal Plaintiff's smartphone, gain unauthorized access to Plaintiff's personal accounts and data, defraud Plaintiff of at least $31,000 that is known (and more that is potentially still unknown), and threaten Plaintiff with extortion based on personal information obtained from Plaintiff's phone. Under these circumstances, compelling reasons exist to permit Plaintiff to proceed under a pseudonym to protect Plaintiff from further harm, to prevent Defendants from using judicial proceedings as a vehicle to identify and retaliate against their victim, and to protect against spurring Defendants' to destroy evidence and taking other steps that would make it even more challenging to learn Defendants' identities.

**LEGAL STANDARD**

While the Federal Rules of Civil Procedure generally require parties to identify themselves, courts have recognized that plaintiffs may proceed anonymously in exceptional cases. The Seventh Circuit has identified several factors courts should consider in determining whether to permit a party to proceed under a pseudonym, including: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit Plaintiff's or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced. Courts must balance the plaintiff's interest in anonymity against the public's interest in open judicial proceedings and any prejudice to the opposing party. The party seeking to proceed anonymously bears the burden of demonstrating that the circumstances justify a departure from the general rule of open proceedings.

**ARGUMENT**

**I.      Plaintiff Faces a Real Risk of Harm if Plaintiff's Identity Is Disclosed**

The most compelling basis for permitting Plaintiff to proceed under a pseudonym is the real and serious risk of harm he faces if Plaintiff's identity is disclosed. Defendants have already demonstrated their willingness to victimize Plaintiff through robbery, fraud, invasion of Plaintiff's privacy, and possible extortion. Having robbed Plaintiff of Plaintiff's phone and then having unfettered access to its contents, Defendants are well aware of Plaintiff's personal identity. They have access to, and have in fact already used as part of their scheme, Plaintiff's name, address, email address, phone number, bank account information, Apple ID, and a host of other personal information concerning Plaintiff. If Plaintiff's identity were made public through these

proceedings, Defendants may learn of the existence of this lawsuit and spur them to take action, risking spoliation of evidence and potential retaliation against Plaintiff.

Courts will permit plaintiffs to proceed anonymously when they face risks of retaliation, harassment, or harm. Defendants have already demonstrated a willingness to target Plaintiff, use physical force against Plaintiff, and a willingness to brazenly defraud Plaintiff. The combination of prior physical threat and ongoing extortion threats presents precisely the type of serious harm that justifies pseudonymous litigation. Moreover, were Defendants to learn that Plaintiff has filed suit against Defendants prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to jurisdictions outside this Court's purview, which would frustrate the purpose of the underlying law and would interfere with the Court's power to grant relief.

## II. The Nature of the Information at Issue Supports Anonymity

The mere knowledge that Plaintiff's name appeared as a plaintiff against John Doe Defendants would likely spur the Defendants to further conceal and destroy relevant evidence necessary to identify Defendants. Moreover, this case involves sensitive information concerning Plaintiff's financial, professional, and personal life. Plaintiff's smartphone contained highly sensitive information including private communications, financial account details, photographs, personal notes, and other sensitive data. Defendants' unauthorized access to this information, and their threat to exploit it, goes to the heart of Plaintiff's privacy interests.

Requiring Plaintiff to disclose Plaintiff's identity publicly would jeopardize the ability to identify Defendants, and would compound the invasion of privacy Plaintiff has already suffered at Defendants' hands. Courts have recognized that cases involving sensitive personal information,

including financial matters and private communications, support permitting plaintiffs to proceed under pseudonyms.

## III. Defendants Will Not Be Prejudiced

Defendants cannot claim prejudice from Plaintiff proceeding under a pseudonym. Defendants are identified under pseudonyms because their identities are unknown. Plaintiff will make Plaintiff's true identity available to Defendants through appropriate discovery procedures and confidentiality protections once Defendants are identified and appear in this action. Moreover, Defendants' misconduct and criminal acts that gave rise to this suit forecloses any claim of prejudice. Having harmed and threatening further harm to Plaintiff, Defendants cannot now claim they are prejudiced by measures designed to protect Plaintiff from such harm.

## IV. The Public Interest Is Adequately Served

While the public has a legitimate interest in open judicial proceedings, that interest is adequately served here. The legal issues, factual allegations, and judicial proceedings will all be part of the public record, even with Plaintiff's name sealed. Courts have consistently held that sealing a party's name while leaving the remainder of the record open adequately balances the public interest against the need to protect vulnerable litigants.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order permitting Plaintiff to proceed under the pseudonym "John Doe" and sealing Plaintiff's true identity from the public record.

- 5 -

Dated: February 5, 2026          Respectfully submitted,

<u>By: /s/ Sartouk H. Moussavi</u>

Sartouk H. Moussavi, Il. Bar No. 6313554
55 E. Monroe Street, 37th Floor
Chicago, Illinois 60603
P: (312) 346-7500, F: (312) 580-2201
smoussavi@thompsoncoburn.com

*Attorney for Plaintiff John Doe*