# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>JOHN DOE DEFENDANTS 1-10,<br>    Defendant. | Civil Action No.: 1:26-cv-01331<br><br>Judge:<br><br>**Jury Trial Demanded** |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff John Doe ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(d) for an Order permitting Plaintiff to conduct expedited discovery prior to the Rule 26(f) conference for the limited purpose of identifying the Doe Defendants. In support of this Motion, Plaintiff states as follows:

### INTRODUCTION

Plaintiff has been victimized by a coordinated scheme involving robbery, unauthorized computer access, and fraud. The perpetrators, named in this action as John Doe Defendants 1-10, robbed Plaintiff of Plaintiff's smartphone, gained unauthorized access to Plaintiff's accounts, transferred over $30,000 from Plaintiff's bank accounts, made unauthorized credit card purchases, and threaten extortion. Plaintiff does not know Defendants' true identities but believes their identities can be ascertained through targeted discovery to third parties, including Apple Inc., Apple Cash (Green Dot Bank and Apple Payments Inc.), Plaintiff's financial institutions, Defendants' phone providers (believed to be Verizon Communications Inc. and/or T-Mobile USA Inc.), Early Warning Services, LLC (Zelle), Defendants' financial institutions and social media accounts, Target Corporation, and two ATM stations where Defendants attempted unsuccessfully

to withdraw money from Plaintiff's checking account. Plaintiff seeks leave to serve immediate subpoenas on these entities to identify Defendants so this litigation may proceed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), "except when authorized by these rules, by stipulation, or by court order." Courts have broad discretion to permit expedited discovery upon a showing of good cause.

In the context of cases involving anonymous defendants, courts routinely permit expedited discovery to identify unknown parties. The standard for such discovery requires a plaintiff to demonstrate: (1) that the plaintiff has a viable underlying claim; (2) that the subpoena identifies the information needed to identify the defendants; (3) that there is no alternative means of obtaining the information; and (4) that the information sought is directly relevant to identifying the defendants.

## ARGUMENT

**I.      Plaintiff Has Stated Viable Claims Against Defendants**

As set forth in the Complaint filed contemporaneously herewith, Plaintiff has stated claims against Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Stored Communications Act, 18 U.S.C. § 2701, and Illinois common law for conversion, trespass to chattels, fraud, and unjust enrichment. The factual allegations establish that Defendants engaged in a coordinated scheme to steal Plaintiff's phone, access Plaintiff's accounts without authorization, and defraud Plaintiff of over $31,000. These allegations state plausible claims for relief under the governing legal standards.

**II.     The Proposed Subpoenas Seek Information Necessary to Identify Defendants**

Plaintiff seeks leave to serve subpoenas on the following third parties to obtain information necessary to identify Defendants:

**Apple Inc**. Apple maintains records associated with Plaintiff's Apple ID account, which Defendants accessed and now control. Apple's records may identify the devices used to access and change Plaintiff's account, IP addresses associated with account access, and other information that could identify Defendants.

**Apple Cash (Green Dot Bank and Apple Payments Inc.)**. Defendants used Apple Cash as part of their scheme to transfer money from Plaintiff's bank account to themselves. According to Apple, "Apple Payments Inc., a wholly owned subsidiary of Apple, is a licensed money transmitter and offers the direct payments service for Apple Cash,"[1] and "Apple Cash services are provided by Green Dot Bank, Member FDIC. Apple Payments Services LLC, a subsidiary of Apple Inc., is a service provider of Green Dot Bank for Apple Cash accounts."[2]

**Plaintiff's Financial Institutions**. Plaintiff's bank and credit card providers maintain records of the unauthorized transfers initiated by Defendants. These records will include information about the destination accounts to which Defendants transferred Plaintiff's funds, which can be used to identify Defendants.

**Defendants' phone providers**. As part of their scheme, upon information and belief, Defendants sent money via Apple Cash to a specific phone number, believed to be Verizon Communications Inc. There is also a number associated with T-Mobile USA Inc. that, upon information and belief, may be associated with Defendants.

---

[1] https://www.apple.com/legal/applepayments/
[2] https://support.apple.com/apple-cash

**Early Warning Services, LLC (Zelle)**. As part of their scheme, Defendants made two $5,000 payments from Plaintiff's bank account via Zelle, which is owned by Early Warning Services, LLC. Obtaining information about the account where that payment was delivered or other related information could be used to identify Defendants.

**Defendants' financial institutions and social media accounts**. Defendants transferred at least $6,000 to an outside bank account which is not currently known to Plaintiff. Defendants attempted to transfer another $4,000 to, upon information and belief, the same account, but was declined. Information about that account may help identify Defendants. Upon information and belief, the Verizon phone number that is associated with Defendants is associated with at least Instagram. Receiving information about that Instagram account may help identify Defendants.

**Target Corporation**. Defendants made an unauthorized purchase of approximately $1,910 at a Target retail store using Plaintiff's credit card and got rejected for a separate approximately $1820 payment. Target's records, including any surveillance footage, may identify the individual(s) who made this purchase.

**Two ATM Stations**. According to Plaintiff's financial institution, Defendants attempted withdrawals from two different ATM stations in and around Chicago. Those ATM station records, including any surveillance footage, may identify the individual(s) who made this purchase.

**Businesses around the place of the incident**. Surveillance footage around the place of the initial robbery may provide evidence to identify Defendants.

**Others whose identity is not currently known**. As a result of information obtained from the above-identified entities, there may be other entities who have relevant information concerning the identity of Defendants and accounts they use to defraud.

**III. There Is No Alternative Means of Obtaining This Information**

Plaintiff cannot identify Defendants without discovery. Defendants used Plaintiff's stolen phone and accessed Plaintiff's accounts remotely. Plaintiff has no knowledge of Defendants' identities and no means of ascertaining their identities other than through records maintained by the third parties identified above. The only alternative—waiting for law enforcement to identify Defendants—is not a viable option because criminal investigations may take years and may not result in identification of all participants.

**IV. Expedition Is Necessary**

Good cause exists for expedited discovery. First, records relevant to identifying Defendants may be routinely deleted or overwritten as time passes. IP address logs, transaction records, and surveillance footage are often retained only for limited periods. Delay in obtaining this discovery may result in the permanent loss of information needed to identify Defendants.

Second, Defendants continue to control Plaintiff's Apple ID account and possess Plaintiff's stolen phone, threatening extortion. Plaintiff has a compelling interest in identifying Defendants as quickly as possible so that he may seek injunctive relief and hold them accountable for their conduct.

Third, statutes of limitations may bar Plaintiff's claims if Defendants are not identified in a timely manner. Permitting expedited discovery serves the interest of justice by allowing Plaintiff to pursue Plaintiff's claims while evidence remains available and limitations periods remain open.

**PROPOSED DISCOVERY**

Plaintiff seeks leave from the Court to serve limited-scope subpoenas on the entities identified in Section II seeking records related to, where applicable, account access, password changes, device information, IP addresses, unauthorized financial transfers and deposits, and

surveillance footage. If the Court so desires, Plaintiff will provide proposed subpoenas for the Court's review.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order permitting Plaintiff to conduct expedited discovery for the limited purpose of identifying the Doe Defendants, specifically authorizing Plaintiff to serve limited-scope third-party subpoenas on the entities identified in Section II.

| | |
|---|---|
| Dated: February 5, 2026 | Respectfully submitted, |
| | <u>*By: /s/ Sartouk H. Moussavi*</u> |
| | Sartouk H. Moussavi, Il. Bar No. 6313554<br>55 E. Monroe Street, 37th Floor<br>Chicago, Illinois 60603<br>P: (312) 346-7500, F: (312) 580-2201<br>smoussavi@thompsoncoburn.com |
| | *Attorney for Plaintiff John Doe* |